All right. Hear ye, hear ye, hear ye. This Honorable Appellate Court of the 2nd District is in session, pursuant to adjournment. The Honorable Robert D. McMurray, residing. Please be seated. Your Honor's first case of the morning, call 211-199, Russell J. Ertl v. City of DeKalb, Board of Police and Fire Commissioners, the Board of Trustees of the DeKalb Firefighters Pension Fund. On behalf of the ad valance, Ms. Yvette Heinzelman. On behalf of the League, Mr. James T. Harrison. Ms. Heinzelman. There was an emergency motion filed relative to a transcript that the trial court's ruling was filed yesterday. We were asked to take a grant leave to file it in standard the party, and I believe it indicated in the motion that the parties had no objection. Is that correct? That's correct. Okay. The motion will be granted. I bring it up now, so if you want to say anything about it, Ms. Heinzelman, you can. Thank you. You may, Your Honor. You may proceed. Thank you. May it please the Court. Good morning. My name is Yvette Heinzelman. I represent the City of DeKalb and the City of DeKalb Board of Fire and Police Commissioners. I'm assuming for the purposes of this oral argument that you've all had an opportunity to read the briefs and are familiar with the facts and procedural history of this case, and therefore I won't belabor my presentation with those items. I don't anticipate utilizing all of my time, but request, if necessary, that any remaining time I may have be utilized for rebuttal if that is necessary. The issue on this appeal is very simple. Did the appellate court in the previous proceedings, 97MR13, issue judgment against the City of DeKalb ordering reinstatement for plaintiff? It's the defendant's position that the appellate court did not enter a judgment order against the City. Instead, the appellate court remanded the case to the Circuit Court with directions for further proceedings. Those further proceedings included consideration of additional damages and consideration of the issue of reinstatement of the plaintiff to his previous position. In the transcript that's been provided, at the end of the transcript that we received yesterday, the counsel for Mr. Earl asked, Thank you, Judge, Your Honor. I have one clarification to address first. You're ordering him reinstated? The court, I'm not ordering him reinstated. That question, was that question ever asked during the proceedings on the remand, the mandate from Rule 1? Did counsel for Mr. Earl ever ask for reinstatement? Your Honor, I don't believe that he ever asked for reinstatement. I believe there was an order to show cause regarding reinstatement. There was never a hearing on that motion file, and the issue of reinstatement was never addressed in the orders from the Circuit Court in that first case. On remand, the Circuit Court conducted a bench trial, awarded additional damages to the plaintiff, which have also been paid, but did not order reinstatement at that time. The additional damages ordered on remand were from the time of discharge or termination until, at least the appellate court opinion says, until December of 1998 when he was, the plaintiff was hired by Pleasant View Fire Department. Am I correct in reading that? I believe so. Then there were some mitigation damages, I think through trial, offsetting the monies that he was awarded, or I'm sorry, that he earned as a firefighter. But the damages ended, I mean, the way the appellate court, I think it's in Rule 23, Justice Hutchinson or I believe, the way that reads is that the damages were for that finite period and they actually ended calculating the damages as of 1298 on the rehire, or the hiring of the other department. Is that correct or am I incorrect in that? I believe that's incorrect because there was an offset for further damages for the time period that the plaintiff was actually hired by Pleasantville, offsetting against the damages that were ultimately awarded. There's a litany of what was added and subtracted in the transcript that we received last night. I didn't write it down, but remember, and I think you're right, that there was some sort of offset for salary earned Pleasantville. I could be wrong. It will be verified. It's defendant's position that the city of DeKalb had no obligation to reinstate the plaintiff because it was not ordered by the appellate court to do so. It was not ordered by the circuit court to reinstate him. At that point in time, after the decision by the circuit court, the obligation to reinstate plaintiff was lost. If you disagree with the defendant's position and believe the fact that the appellate court did in fact order reinstatement of the plaintiff, which order the circuit court failed to obey, then it was the plaintiff's obligation to file an appeal of the circuit court's order and bring that case back to the appellate court for further consideration. Plaintiff, in fact, did file an appeal of the circuit court's decision. Unfortunately, he failed to file a brief in a timely fashion, and that appeal, the circuit court's original decision, was dismissed. Plaintiff then filed a motion for an order to show cause before the appellate court. That motion, as well, was dismissed. Because plaintiff failed to utilize this window of opportunity to obtain reinstatement in his first lawsuit and a corresponding appeal by the doctrine of race judicata and latches. Plaintiff here knows that race judicata and latches bar his case because in this lawsuit, the underlying lawsuit filed, he claims that he is seeking damages for a period of time different from the first initial lawsuit. He should not be allowed to circumvent the ultimate consequences of his lawsuit by claiming that his damages he seeks is for a different time period. More importantly, race judicata, that principle applies not only to the claims that were asserted, but the claims that could have been asserted. Because if plaintiff in his first lawsuit had actually proceeded for reinstatement, there would have been no entitlement and no argument to damages from the date of the circuit court's decision to the time of the circuit court's decision in the underlying action, 02L86. However, because he failed to pursue all of his remedies, failed to obtain reinstatement in the circuit court's decision, failed to perfect his appeal by filing a brief and supported that appeal, that's the only reason he can make this argument and that's the only reason he has any sort of justification for claiming additional damages. It is that failure that's the basis for the underlying lawsuit that brings us here. If we agree with you, what happens to the arbitration cases? If there is no entitlement to reinstatement, I would imagine there would be, that case would also be dismissed. But isn't your attempt to the appellate court did order reinstatement? No, it was, it was an attempt to cut off damages and try to, as you know, there are so many pieces of this puzzle moving. There is the initial lawsuit, the appeal, the decision, and now the second lawsuit, which the city of DeKalb has claimed all along should have been barred by race judicata and should have never gotten as far as it and, you know, bringing up the arbitration case, there couldn't have been an order of reinstatement because how was plaintiff supposed to be reinstated? Was he supposed to be a probationary officer? Was he supposed to be a regular firefighter? How was that to work? None of that was determined in the original case. It would be my position that the arbitration case would be moved at this point if he is not entitled to any reinstatement. Okay. One point that wasn't brought out in what is your interpretation of what the appellate court said relative to the failure to give Mr. Ertl a hearing before discharge that he should have been had a just cause hearing before the board of fire and police commissioners before being terminated. And did they reverse it or vacate the judgment of the board? They remanded it for further proceedings to determine for him to be reinstated and then for determination of the issue of reinstatement and then termination pursuant to that as well as damages and other issues. That's correct. Well, you didn't answer my question. They either had to vacate it or reverse it. Do you have an opinion or no opinion as to what the qualification or the nature and character of the ruling was withholding? As to whether or not the appellate court vacated the discharge or reversed or vacated the discharge of Mr. Ertl by the board. They reversed it and remanded it for further proceedings before the circuit court. Don't believe they vacated it, but as I stand here today, I can't tell you that I remember that specifically from the decision. Would it have made any difference what it was characterized as? No, because it was for the circuit court to then execute on the appellate court's decision. And there is some latitude in the circuit court as to how procedurally and practically that should be done. Your position is that if the plaintiff wished to have that mandate carried out, he had a responsibility to request it on remand? Absolutely. Absolutely. That's why individuals standing here lose sleep at night, is to make sure that they have ensured that they have requested all the relief that they are otherwise entitled to. Whether he did or did not, your position is that race judo codifies in either event? Absolutely. Because it was Ertl 2's final decision, the Rule 23 affirming the trial court's damages. That's correct. In Ertl 1, it would be a final decision and race judicata would bar it, whether or not he was entitled to reinstatement, whether or not it was ordered. That is correct. That is our position. What about plaintiff's argument that it was the responsibility of the city to immediately act upon the order of the appellate court reversing the case? I believe my response to that would be that it was disingenuous for two reasons. One is that he reinstated. The fact that he filed that motion means the plaintiff knew that something needed to be done in the circuit court level before he would be reinstated. Number two, there are judicial admissions. In plaintiff's response to the defendant's affirmative defenses, where he says that he needed to do additional steps in order to obtain reinstatement from the circuit court. Well, if he had filed a motion in the circuit court for reinstatement, that would be one thing. That would be perhaps exceeding to the idea that the circuit court had to do something, a motion. This wasn't a motion that was filed. This was a rule of the show clause, which would perhaps cut into your argument. The rule of the show clause would be why the city shouldn't be held in contempt for not following the appellate court's order to reinstate him. But it wasn't held in contempt and there's no order from the circuit court. No, no, but your argument was because he filed this in the circuit court, that means he was showing that the circuit court had to do something. I'm just saying that, you know, I'm playing devil's advocate here and saying that doesn't necessarily show that the circuit court had to do something. It shows that it could be argued the other way, that the circuit court didn't have to do anything and they should have been held in contempt of court. And to what he said, it could mean also that it's not the circuit court's burden to force the issue. It could be the city's burden to carry out, if it wants to, a hearing to discharge or not. And if it decides not to discharge, then if the discharge was filed or sent a registered letter telling him to report for work, that seems reasonable to me. I don't see why the circuit court has to enter an order or act sua sponte to find the city in contempt if the city doesn't want to do it. Even a mandamus. What would a mandamus achieve? Don't you have discretion to decide whether or not you want to file charges and prosecute the fireman for cause? Are these not acts of governmental discretion that you can decide whether or not you want him back or you don't want him back? And if you don't want him back, what are you going to do to see to it that he doesn't come back? Do you buy him out? Do you discharge him in an appropriate proceeding? So could you maybe elaborate as to why, what he did relative to the court? Or I should say, I don't think we accept the argument that what he did with the court has any implications relative to the city. Could you indicate what he might have done relative to communications with the city as to some sort of indication that he's stopped or he has made some committal to accept responsibility for going forward with this? I would say I would refer the court to the record on appeal, which would be page 115, where he did say in previous pleadings to the court that the appellate court, the appellate court's order needed to be incorporated in the in his responses to the defendant's request, I'm sorry, affirmative defenses. The plaintiff said, unfortunately, this court's judgment order dated January 5th, 2001 failed to direct the defendant's city of DeKalb to reinstate the plan. That, in our opinion, is an admission that it should have included an order of reinstatement. And if the plaintiff wanted to be reinstated and he received damages in this court's order, it would have been easy to file a motion for reconsideration and inclusion of that remedy in the circuit court's order. So it's our position that he should have done something in that admission. Plaintiff goes on to say when it became clear the defendant's city of DeKalb would not reinstate plaintiff without further court action, plaintiff filed an appeal. When the appeal was later dismissed in 2001, plaintiff then filed a petition for a rule to show cause seeking to hold defendant in contempt for failing to reinstate. That petition was also denied by the appellate court in September 2001. And that's again on record on appeal, page 115. I think you put in your brief, page 13, plaintiff didn't make any argument regarding the issue of reinstatement. You meant to say did not, and you're referring to those proceedings that you just discussed. He made no argument during that entire proceeding that he was entitled to reinstatement. That's correct. That's correct. And that was a typographical error. I did see that as well. Thank you. But there was no mention of it at all, reinstatement, during the course of those proceedings. That's correct. Thank you for the opportunity to make the point. Thank you. Mr. Harris. Good morning Judge. May it please the court. Counsel. Good morning. My name is James Harrison. I represent the Appellee, Russ Ertl, in this appeal. It seems to me that the position that counsel has been advancing is that if a defendant just waits long enough in appellate court order, they can outweigh an appellate court order and the effect of that appellate court order. In this case, it's fairly clear that Mr. Ertl was reinstated by the appellate court in 1999 in its order. When this case is over, let's say he, I don't know if he's been reinstated or not, and that's not part of this issue, but let's just say he wasn't reinstated even to this day. Yes, Judge. So that after this court enters an order and the case is resolved, damages are set, then a year from now he could file another lawsuit if he's not reinstated. Then a year after that, when that one's all done, a year after that he could file another lawsuit and this could go on until he's either reinstated, discharged, or we just all run out of time and pass away, I guess. But what, I mean, where does this end? Because the one argument made by opposing counsel in the brief is that when you've got a breach of contract, there may, there may, there's certainly damages that have been incurred and that those damages may be foreseeable in the future, but it's got to happen. You have your breach, you have your trial, you get your damages, and it's over. But how do you predict damages? Out of 1999, you predict that a governmental entity is not going to comply with an appellate court order and not give you what the appellate court has already said. Well, it's simple because you have a trial where you have appellate court order here and all the parties are sitting around and you have a trial court judge, Judge Countryman, sitting there having a trial about all these issues and no one says, hey, he needs to be reinstated. Well, that's because the appellate court had already ruled. The appellate court had already ruled on this. And let me ask you a question. Yes, Judge. Is counsel correct that nowhere in those proceedings before Judge Countryman did you or anybody on behalf of Mr. Ertl ask for reinstatement? Is that correct? I was not trial counsel. Well, you've reviewed the record. I didn't review the record. And as I sit here, Judge, I don't recall the issue of reinstatement being requested of Judge Countryman at the trial. What is your response to the argument that the mandate of the appellate court, which was before the court, you could have acted on it, and your failure to do so results in race judicata? The parties are identical. The issues are identical. You get an opportunity. The causes aren't identical, Judge, and I think that's where the problem is. The first lawsuit dealt with the, in fact, if I may, Judge, the first lawsuit was different than the second lawsuit. The first lawsuit dealt with whether or not there was a breach of contract, a breach of the contractual right to the grievance procedure of the contract. And the appellate court found that, yes, he had a right. They reinstated that count for breach of contract and sent him back for damages. The second lawsuit was not to determine whether he had rights under the disciplinary procedure of the contract. That wasn't the issue. Well, now wait a minute. You're, this is the relief, portion of the relief that you say the appellate court granted in Ertl 1. It's the same relief that you're asking for now in terms of damages for reinstatement that were part of Ertl 1. Well, their damage is pursuant to the contract because he should have been reinstated pursuant to Ertl 1, and their failure to reinstate him caused additional damages. He had a contractual right. Had he been reinstated, Judge, he did have his entitlement to his wages, his benefits, all of the things that go with the but those things didn't come to him because the city didn't reinstate him like the appellate court told them to. And the duty... What in the appellate court opinion do you read to say, City, you are hereby ordered to now, you know, instantly reinstate the appellant? Where do you read that now? The appellate, it doesn't say that in the order, Judge. It says that he was ordered, or they said that he should be reinstated until such time as he was... He should be reinstated in the future. And then the appellate court ordered the trial court to reinstate the plaintiff, to reinstate Cal 1, and for additional damages. Okay, so you just said that the appellate court ordered the trial court to reinstate him? Yes, Judge. Okay, the trial court did not reinstate him? That's right. Why wasn't that part of the appeal that was, the opinion was entered during the Rule 23 in 2002? Oh, the appeal in 2002. Well, the plaintiff's appeal was to the issue of damages. No, no, no. My question is very simple. I'm sorry. You just said that the appellate court ordered the trial court to reinstate him. That's in the very first opinion. It's one of the remand orders. Yeah, it's in the remand order. Right, so the appellate court is asking the trial court to reinstate him. Is that what you're saying? I'm saying that the appellate court ordered reinstatement of him as a firefighter. Okay, no, that's a different question. I thought you just said a minute ago that the appellate court ordered the trial court to enter another reinstatement. The appellate court remanded it to the trial court, including his reinstatement. To include reinstatement in its relief that the trial court gave him. That is correct, Judge. Okay, the trial court did not do that. Judge Countryman on that second trial did not do that. Correct. That is correct as well, Judge. Then you've got to tell me why does res judicata not apply when he didn't, he, your client, did not appeal the failure of the trial court to act appropriately in response to the appellate court's order? Because res judicata only applies when there are identical causes of action. This is not identical. We're looking at two different types of violations of a contract. One is a contractual grievance procedure, which was not lived up to, and he wasn't afforded the due process of that. That was hurdle one. The other is contractual damages for their, because they didn't put him back in the job. Can you- Well, reinstatement seems to be a threshold issue here. It's the- It's the issue. It is the issue. And I think the issue is whether or not the appellate court's order was to the trial court, or perhaps that's one of the issues, to the trial court to enter into a reinstatement, or was this order to the city to forthwith reinstate him? Well, the case law says that it's incumbent on the parties, on the trial court, and again, the reviewing court should have come back there. So I would say everybody had a duty. Let me read to you the court's order. If not, the holding and ruling, a portion of the ruling, in hurdle two, Justice Hutchinson's Rule 23 opinion. Accordingly, we hold that the trial court's damage finding was not against the manifest way of the evidence. As a final matter, plaintiff contends the trial court should have awarded him additional damages for lost sick leave, vacation pay, and other fringe benefits. However, because plaintiff's appeal was dismissed, we have no jurisdiction to consider the issue. There was no request even in the notice of appeal for reinstatement. I believe that's correct, Judge. Despite the fact that the mandate of this court, reversing the trial court, was for the trial court to enter an order reinstating your client. Yes, Judge, that's correct. How is that not race judicata? Because, Judge, again, we're dealing with a different issue. You just told Justice Burke that the issue is reinstatement. And one of the issues which created the initial hurdle was the fact that he was not given an opportunity for a hearing, and thus he was entitled to be reinstated. Correct? Correct, Judge. So reinstatement was part of both proceedings, correct? Well, reinstatement was ordered in the subsequent. The appellate court remanded it with a direction, well, remanded it to the trial court to reinstate. Are you saying the appellate court did that in a vacuum on their own, that you didn't argue that in your request for relief in Urgell 1? Again, Judge. I think that was argued in Urgell 1. I'm not certain what the counsel ordered. I don't think that the appellate court, this court, would order something that was not requested by a party. I just never seen a case where an appellate court order can be ignored by any entity, let alone the government. What about the party that was entitled to the relief? Oh, certainly. They filed a motion for a rule to show cause before that trial was had. And the judge, trial judge, rather than hearing the motion, apparently took it with the case. But then there was no ruling on that, Judge. The ruling was over. The ruling was over. You're essentially asking us to review a failure of the trial court 11 years ago. Is that what you're doing? The failure to reinstate or order reinstatement? I'm saying that had that been done, none of us would be here today. We'd all be doing other things today. The bond case and the glue case both put the duty on the trial court. They say the positive duty devolves upon the court to which the case is remanded to enter and order a decree in accordance with the directions contained in the mandate. We've got practicalities here. You have Judge Countryman sitting there. He was on the bench for a long time before this trial. And he's hearing your client testify that he's now a full-time firefighter with Pleasant View. And he never, neither he nor his client or his attorney ever asked for reinstatement. So, I mean, again, I agree it's on the court to attempt to follow the appellate court's order. But when it's pretty clear that the plaintiff doesn't want reinstatement at that point in time, because, I mean, realistically, if the city reinstated him, he'd be going back to a department that he at least has in the back of his mind, they want to fire me. They may start proceedings. They may give me a hit. Here, you're hired. And here, we're going to fire you. So, I'm going to leave Pleasant View and go back there for maybe a day or two and then face firing. Well, I mean, it's a reasonable for the trial court to say, you know, maybe this gentleman now has moved on. He wants his damages for this breach of contract. I'm going to give him his damages for this breach of contract. He's not asking me to reinstate him because he has another job as a firefighter and he doesn't want to lose that. I mean, is that a reasonable interpretation of what happened in 2000 and 2001 before Judge Countryman? Well, certainly Judge Countryman did not address that issue and I can't speak for the judge why he didn't address the issue that was mandated by the appellate court. I just don't know why the judge did not reach that. My clients, I know that the judge had to consider him the equivalent of a reinstated firefighter. Otherwise, how did they determine damages from the contract up until that point? They had to consider that should have been reinstated or Judge Countryman couldn't have determined damages because the damages were there for a period of time that he was out. And the problem goes further because if you look at what Judge Klein did in the transcript that was provided to you yesterday, it compiles this problem even further and it shows maybe some insight into where the problem is. Because in that one clarification, you're ordering him reinstated. The court says, I am not ordering him reinstated. He said, Mr. Clark says, okay, I want to make sure of that. And the court says the appellate court ordered him reinstated. The appellate court doesn't need me to say that they were right and he should be reinstated. He's being consistent with his, with his finding on the motion to dismiss based on race judicata that was filed before and ruled upon by Judge Klein, I believe. And he denied that motion. And certainly if he ruled differently and said, yes, I'm going to order him reinstated, then that would be inconsistent with that race judicata finding. The court didn't, the court didn't find race judicata in the 2010 case. No, no. I thought there was a motion filed by the city to dismiss this case. There was. And that was denied. That was. The motion alleged race judicata and the trial judge said no. Yes, I believe that was. So if he didn't say, if he says something different than what you're quoting, it would have been contradictory to his findings on the pre-trial motions. But what he did say then is contradictory to the law because the law says the trial court, it's on the trial court, the duties on the trial court to write an order that meets the mandate that's handed down by this court. And that didn't happen in this case. And if it doesn't happen, if it doesn't happen, if it doesn't happen, what happens to an appellate court order that's not appealed? Well, what happens when the case is remanded and the judge doesn't comply with the order? According to you, you don't have to appeal that again. Once there's a judgment entered by an appellate court, that's sacrosanct for eternity and people can do whatever they want. But as long as that order was entered, hey, this thing goes on ad nauseum. If the trial court had refused to That's what he did here. I mean, did you file a cross appeal on Judge Klein? No. Judge Klein? Right. Because Judge Klein said, no, I am not going to reinstate your claim. I am not going to enter the order that the appellate court told my predecessor, Judge Denner. I'm not going to make it right. I'm not going to follow the appellate court's order. I'm not going to order reinstatement. Did you file a cross appeal on that finding? No, we did not. And we did that for the very reason that the appellate court had already said here. I believe the trial court looked at this as a self-enforcing order. I think that there can be no other explanation for Judge Klein's, uh, confidence that the appellate court has already ordered him reinstated and they don't need me to say that they were right and that he should be reinstated. What about the precedent, the case law, uh, that suggests and that doesn't suggest that places an affirmative duty on the prevailing party to pursue all of your rights on remand, not just the partial right on remand, pursue your rights. What about those cases, uh, people versus NL Industries and other cases that, that suggest that the prevailing party has an obligation on remand to pursue your rights? As Justice McLaren asked, I mean, this, this quote unquote order that you're referring to, which is not an order, it's a remand, it's a mandate to the trial court that you could bring a lawsuit 25 years from now and say, my client's never been reinstated. I want damages. Is that what your argument is? Well, my argument is that you can't wait out. Mine is from the other side, Judge. Mine isn't from the play side. And this one, I'm going to take the defense side. Should I be able to sit and wait out the appellate court order like it doesn't exist? Should I be on my nose at it? Uh, not do anything with it. Judge Countryman knew he had been ordered reinstated. Judge Klein knew he had been ordered reinstated. The city knew it and made a judicial admission to that. And he knew it. Everyone knew it. He knew it. And he's working somewhere else. He had, well, of course he's working somewhere else. Judge, he's got a duty to mitigate damages. And the question I have for you is, was the mandate that was issued, did it order the court to reinstate your client? Or did the order order the city to reinstate your client? Because if it ordered the city to do so, or at least placed the burden on the city to do something relative to discharge, then what does the judge have to do with enforcing an order that relates to the city as opposed to the judge? Your argument basically is self-defeating because it doesn't make any difference what we order. If the trial court screws up or disregards it or ignores it or blatantly says with profanity or vulgarity, I'm not going to do it. You have to file an appeal. Otherwise, once it becomes a final judgment, it's over. So the question really before us is, when we entered the order, did we order the trial court to do something or did we order the city to do something? And if you tell us it's the trial court that did something, you're out of the box. Now, what is your argument to us? My argument to you, Judge, is that the appellate court reinstated Mr. Erdl, issued a mandate to the trial court, which the trial court failed to abide by. Parties failed to abide by and everyone failed to abide by. No one reinstated my client. My client filed a new lawsuit because he was still unreinstated and incurring new damages that were not contemplated by Judge Countryman in his original ruling. The case, the pleadings are not artful, Judge. I didn't draft these pleadings. And the proceedings below are torturous because they've gone back on issues for whether reinstatement included seniority, whether reinstatement included pension benefits. That was actually one of the cases that was one of the counts that was filed on the right. The popping in and out of courts like chambermaids for the relief that could have been all done in one lawsuit originally with all the proper parties brought into it would have been an ideal solution to this, to have everyone before the original court at the same time. And that didn't happen, Judge, as long as you know this matter. Those failures aren't due just to the city or to the trial court. I mean, you're talking as if your client and his attorneys bear no responsibility for the failure to act. I think that I think that my client's former attorneys did have a responsibility. They failed to file an appellate brief, which caused the dismissal of his appeal. Well, isn't the relief then against those lawyers and not the city of DeKalb? If we just anticipate that the city of DeKalb does not have to. Well, I think the statute of limitations is run for malpractice against the lawyer. I believe I believe the folks involved here are gone as well and the judges. Your honors, I understand that this is an unusual case, but if the law does not become bettered by arriving in a different decision that would not respect the appellate court's first ruling to the relief that's concerned, we would just ask that this court. I guess I need to bring one thing up before I part, which is the issue of attorney's fees and pre-judgment interest. I think all of that was there is language by the court to indicate that that was a sanction. If the court were to find that or if the court were confused by Judge Klein's comments on that, I think the appropriate remedy for that would be a remand to see what Judge Klein is doing. And I will also put out there that Judge Klein is leaving the bench, I believe, within the next month. I still don't see this as a race to the counter because we're talking about two different issues and two different time periods of damages. The latches argument is there's no undue delay by the plaintiff who's been engaged in this litigation since 1997. There's no undue delay. Mistakes were made, I think, across the board on everyone's behalf, but the question is what type of law comes out of this case. And I think that the best law would be the law that supports the appellate court's ruling and doesn't let the defendants off on a technicality with regard to their obligation to this court. Thank you very much. Thank you. Ms. Heintzelman. Thank you. This court has the power to enter a judgment. It did not do that. I ask that the court reverse Circuit Court's decision and enter judgment on behalf of the City of California Fire and Police Commissioners. Thank you. Very well. We'll take the case under resizing court's adjournment.